MATTHEW L. GREEN, Bar No. 227904
matthew.green@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway, Suite 1500
San Diego, California  92101
Telephone:   (619) 525-1300
Facsimile:    (619) 233-6118

Attorneys for Defendants
DAVID W. SLAYTON, Court Executive
Officer, Superior Court of California, County
of Los Angeles; SANDRA PIGATI-PAZANO,
Court Administrator, Superior Court of
California, County of Los Angeles; DAVID H.
YAMASAKI, Court Executive Officer,
Superior Court of California, County of
Orange; and TIMOTHY LY, Courtroom
Operations Supervisor, Superior Court of
California, County of Orange

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG ROBERTS,<br><br>             Plaintiff,<br><br>     v.<br><br>DAVID W. SLAYTON, et al.,<br><br>             Defendants. | Case No. 5:26-cv-00400-CAS-DMK<br>Judge: Hon. Diana M. Kwok<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date:          July 23, 2026<br>Time:          1:30 p.m.<br>Courtroom:   880, 8th Floor<br><br>Complaint Filed:    January 29, 2026 |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

**TABLE OF CONTENTS**

|  |  |  | **Page** |
|---|---|---|---|
| I. | INTRODUCTION | | 8 |
| II. | LEGAL STANDARD | | 10 |
| | A. | RULE 12(b)(1) | 10 |
| | B. | RULE 12(b)(6) | 10 |
| III. | ARGUMENT | | 11 |
| | A. | PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT | 11 |
| | B. | PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS ALSO FAIL BECAUSE NONE OF THE DEFENDANTS IS A "PERSON" WITHIN THE MEANING OF § 1983 | 13 |
| | C. | PLAINTIFF'S PERSONAL-CAPACITY CLAIMS ARE BARRED BY QUASI-JUDICIAL IMMUNITY | 14 |
| | | 1. Quasi-Judicial Immunity. | 14 |
| | | 2. Defendants' Alleged Conduct. | 15 |
| | |    a. Los Angeles County. | 15 |
| | |    b. Orange County. | 16 |
| | | 3. Defendants Are Absolutely Immune From Damages Liability. | 17 |
| | D. | INJUNCTIVE RELIEF IS ALSO FORECLOSED BY § 1983 ITSELF | 18 |
| | E. | THE BULK OF PLAINTIFF'S EQUITABLE RELIEF CLAIMS ALSO FAIL FOR LACK OF STANDING | 19 |
| IV. | CONCLUSION | | 21 |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Acres Bonusing, Inc. v. Marston*
17 F.4th 901 (9th Cir. 2021) .................................................................... 15

*Anthony v. Hubbard*
No. 25-CV-1551 JLS (AHG), No. 25-CV-1551 JLS (AHG), at *2
(S.D. Cal. Jan. 26, 2026) ......................................................................... 20

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........................................................................... 11, 12

*Ashelman v. Pope*
793 F.2d 1072 (9th Cir. 1986) ........................................................... 15, 19

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1988) .................................................................... 11

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ........................................................................... 11, 12

*Bolden-Hardge v. Off. of Cal. State Controller*
63 F.4th 1215 (9th Cir. 2023) ................................................................... 20

*Brooks v. Atwood*
710 F. App'x 313 (9th Cir. 2018) .............................................................. 15

*Camacho Hernandez v. County of L.A.*
No. CV 25-05263-SB (DFM), 2025 WL 4231212
(C.D. Cal. Oct. 30, 2025) ............................................................. 13, 18, 20

*In re Castillo*
297 F.3d 940 (9th Cir.), *as amended* (Sept. 6, 2002) ........................................ 15

*City of L.A. v. Lyons*
461 U.S. 95 (1983) .................................................................................... 20

*Coulter v. Murrell*
No. 10cv102-IEG (NLS), 2011 WL 13208995, at *1
(S.D. Cal. Mar. 1, 2011) ........................................................................... 18

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

**TABLE OF AUTHORITIES (CONT.)**

**Page**

*Coulter v. Roddy*
  463 F. App'x 610 (9th Cir. 2011).................................................................. 16, 18

*D'Souza v. Guerrero*
  No. 24-2537, 2025 WL 636706 (9th Cir. Feb. 27, 2025) .................................. 22

*Daniels-Hall v. Nat'l Educ. Ass'n*
  629 F.3d 992 (9th Cir. 2010) ............................................................................ 12

*Davidson v. Kimberly-Clark Corp.*
  889 F.3d 956 (9th Cir. 2018) ............................................................................ 20

*Duvall v. County of Kitsap*
  260 F.3d 1124 (9th Cir. 2001) .......................................................................... 15

*Erickson v. Pardus*
  551 U.S. 89 (2007) ........................................................................................... 12

*Essell v. Carter*
  450 F. App'x 691 (9th Cir. 2011)...................................................................... 16

*Finander v. Jiminez*
  No. 5:24-cv-01227-JVS-SSC, 2025 WL 4666544
  (C.D. Cal. Dec. 11, 2025).................................................................................. 18

*Fort v. Washington*
  41 F.4th 1141 (9th Cir. 2022)........................................................................... 15

*Franceschi v. Schwartz*
  57 F.3d 828 (9th Cir. 1995) .............................................................................. 12

*Franklin v. Murphy*
  745 F.2d 1221, 1228-29 (9th Cir. 1984)........................................................... 11

*Gupta v. Brainard*
  No. 8:25-cv-02174-KK-BFM, 2026 WL 995288
  (C.D. Cal. Feb. 6, 2026) .............................................................................. 13, 18

*Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*
  616 F.3d 963 (9th Cir. 2010)....................................................................... 13, 14

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

## TABLE OF AUTHORITIES (CONT.)

**Page**

*Long v. County of L.A.*
    442 F.3d 1178 (9th Cir. 2006) .................................................................. 14

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ................................................................................ 20

*Lund v. Cowan*
    5 F.4th 964 (9th Cir. 2021) ................................................................ 12, 15

*McKinney v. De Bord*
    507 F.2d 501 (9th Cir. 1974) ................................................................... 12

*Monell v. Department of Soc. Servs.*
    436 U.S. 658 (1978) ................................................................................ 14

*Moore v. Brewster*
    96 F.3d 1240 (9th Cir. 1996) ................................................................... 15

*Moore v. Urquhart*
    899 F.3d 1094 (9th Cir. 2018) ................................................................. 19

*Morrison v. Jones*
    607 F.2d 1269 (9th Cir. 1979) ................................................................. 15

*Mullis v. United States Bankr. Ct. for the Dist. of Nev.*
    828 F.2d 1385 (9th Cir. 1987) ............................................................ 15, 18

*Munoz v. Superior Ct. of L.A. Cnty.*
    91 F.4th 977 (9th Cir. 2024) ............................................................... 12, 13

*O'Shea v. Littleton*
    414 U.S. 488 (1974) ............................................................................ 20, 21

*Phiffer v. Oregon*
    586 F. App'x 425 (9th Cir. 2014) ............................................................. 16

*Pierson v. Ray*
    386 U.S. 547 (1967) ................................................................................ 19

*Pulliam v. Allen*
    466 U.S. 522 (1984) ................................................................................ 19

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

**TABLE OF AUTHORITIES (CONT.)**

**Page**

*Resnick v. Hayes*
213 F.3d 443 (9th Cir. 2000) ................................................................ 12

*Roth v. King*
449 F.3d 1272 (D.C. Cir. 2006) ........................................................... 19

*Safe Air for Everyone v. Meyer*
373 F.3d 1035 (9th Cir. 2004) .............................................................. 11

*Schultz v. Superior Ct. of L.A.*
No. 2:23-cv-10715-JAK (DTB), 2024 WL 3086581
(C.D. Cal. Jun. 7, 2024) ........................................................................ 19

*Sedgwick v. United States*
265 F. App'x 567, 568 (9th Cir. 2008) ................................................. 16

*Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*
733 F.3d 1251 (9th Cir. 2013) .............................................................. 12

*Simmons v. Sacramento Cnty. Super. Ct.*
318 F.3d 1156 (9th Cir. 2003) .............................................................. 12

*Steinmeyer v. Laboratory Corp. of Am. Holdings*
676 F. Supp. 3d 851 (S.D. Cal. 2023) .................................................. 19

*Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*
873 F.2d 1221 (9th Cir. 1989) .............................................................. 11

*Stump v. Sparkman*
435 U.S. 349 (1978) .............................................................................. 19

*Summers v. Earth Island Inst.*
555 U.S. 488 (2009) .............................................................................. 20

*TransUnion LLC v. Ramirez*
594 U.S. 413 (2021) .............................................................................. 20

*Western Min. Council v. Watt*
643 F.2d 618 (9th Cir. 1981) ................................................................ 12

*White v. Lee*
227 F.3d 1214 (9th Cir. 2000) .............................................................. 11

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

## TABLE OF AUTHORITIES (CONT.)

**Page**

*Whole Woman's Health v. Jackson*
595 U.S. 30 (2021) ..................................................................................... 13

*Will v. Michigan Dept. of State Police*
491 U.S. 58 (1989) ..................................................................................... 14

*Ex parte Young*
209 U.S. 123 (1908) ................................................................................... 13

**Federal Statutes**

42 U.S.C. § 1983..................................................................................*passim*

**State Statutes**

Cal. Civ. Proc. Code, § 680.135 ................................................................ 17

Cal. Civ. Proc. Code, § 699.520 ................................................................ 17

Cal. Civ. Proc. Code, § 700.190 ................................................................ 16

**Rules**

Fed. R. Civ. P. 12.................................................................................11, 12

**Constitutional Provisions**

First Amendment ........................................................................................ 10

Eleventh Amendment .....................................................................10, 12, 13

Fourteenth Amendment .............................................................................. 10

U.S. Const. art. III...................................................................................... 20

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

Defendants (1) David W. Slayton ("Slayton"), Court Executive Officer, Superior Court of California, County of Los Angeles, (2) Sandra Pigati-Pazano ("Pigati-Pazano"), Court Administrator, Superior Court of California, County of Los Angeles, (3) David H. Yamasaki, Court Executive Officer, Superior Court of California, County of Orange, and (4) Timothy Ly ("Ly"), Court Operations Supervisor, Superior Court of California, County of Orange (collectively, "Defendants"), respectfully submit the following memorandum of points and authorities in support of their motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Gregg Roberts ("Plaintiff").

## I.    **INTRODUCTION**

The gravamen of this action is that the processing and rejection of certain of Plaintiff's filings in the Superior Court of California, County of Los Angeles and the Superior Court of California, County of Orange violated Plaintiff's civil rights. According to the FAC, Plaintiff is "a judgment creditor who regularly files enforcement-related pleadings in California Superiors Courts . . . ." (ECF No. 8 ¶ 8.) The FAC avers that Plaintiff "routinely submits, for filing or issuance, writs of execution, abstracts of judgment, memoranda of costs, assignments of judgments, and related enforcement documents . . . ." (*Id.* ¶ 12.)

The FAC alleges four instances in state court in Los Angeles County and two instances in state court in Orange County in which Plaintiff's filings were either improperly processed or rejected. (*Id.* ¶¶ 15-67.) With regard to the events in Los Angeles County, Plaintiff asserts that Defendants' actions resulted in "additional time, expense, and delay" in his efforts to enforce the judgments. (*Id.* ¶ 33; *see also id.* ¶¶ 43, 50.) As to the events in Orange County, Plaintiff avers that he "gave up" his judgment enforcement efforts in multiple cases after the court rejected his filings in those matters. (*Id.* ¶ 67.)

The FAC asserts two claims under 42 U.S.C. § 1983 against Defendants. (*Id.* ¶¶ 1, 83-86.) The first claim alleges that Defendants violated Plaintiff's right of

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

access to the courts under the First Amendment "by rejecting legally compliant filings, completing court-mandated forms with false legal statements, and imposing unauthorized filing prerequisites." (*Id.* ¶ 84.) The second claim avers that Defendants violated Plaintiff's right to procedural due process under the Fourteenth Amendment. (*Id.* ¶¶ 85-86.) Plaintiff contends that "[b]y enforcing ad hoc filing requirements and completing required court forms with false legal conclusions, Defendants deprived [Plaintiff] of a meaningful opportunity to be heard and to enforce valid court judgments." (*Id.* ¶ 86.)

Plaintiff seeks damages against Defendants in their personal capacities, and declaratory and injunctive relief against Defendants in their official capacities. (*Id.* ¶¶ 9-10, Prayer ¶¶ 1-5.) Regarding the requested equitable relief, Plaintiff asks the Court to "[d]eclare that Defendants' practices violate the First and Fourteenth Amendments[,]" and for the Court to enjoin Defendants from "rejecting legally compliant filings absent statutory authority[,]" "completing court-mandated forms with false or unauthorized legal conclusions[,]" and "requiring affidavits of identity to be filed separately from associated writs or abstracts . . . ." (*Id.* Prayer ¶¶ 1-4.)

The FAC should be dismissed on multiple grounds. First, Plaintiff's official-capacity claims are prohibited by the Eleventh Amendment, which renders the Court without jurisdiction over official-capacity suits against state-court clerks and staff. Second, Plaintiff's official-capacity claims do not lie against Defendants because a state official, like a state-court clerk, is not a "person" within the meaning of § 1983. Third, Plaintiff's personal-capacity claims are precluded by absolute quasi-judicial immunity, which forecloses damages claims against court clerks and staff for performing tasks that are an integral part of the judicial process, like the processing of court filings. Fourth, Plaintiff's § 1983 claims for injunctive relief are prohibited by § 1983 itself. Finally, the bulk of Plaintiff's equitable relief claims fail for lack of standing. For all of the reasons set forth below, the Court should grant Defendants' motion to dismiss the FAC with prejudice and without leave to amend.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

## II.   LEGAL STANDARD

### A.   RULE 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a complaint for lack of jurisdiction over the subject matter. Because federal courts are courts of limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). A party who brings a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In the former, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### B.   RULE 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint also may be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984), *abrogated on other grounds*, *Neitze v. Williams*, 490 U.S. 319 (1989).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

*Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). The complaint need not include "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). Nor does the court "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).[1]

## III.   ARGUMENT

### A.   PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a state, an arm of the state, its instrumentalities, or its agencies. *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). Not only are California courts deemed state agencies for purposes of the Eleventh Amendment, but the Eleventh Amendment also extends to claims against state-court judges and employees in their official capacities, as they are considered arms of the state. *Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) (superior court); *Lund*, 5 F.4th at 969 (superior court judge); *Simmons*

---

[1]   Where a plaintiff is proceeding *pro se*, the pleading at issue must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, however, "a court need not give a plaintiff the benefit of every conceivable doubt," but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974).

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

*v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (superior court and its employees).

Under the *Ex parte Young* doctrine, "[a] narrow exception exists 'where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights.'" *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967-68 (9th Cir. 2010) (citation omitted); *see Ex parte Young*, 209 U.S. 123, 159-60 (1908). The *Ex parte Young* exception, however, "does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021); *see also Munoz*, 91 F.4th at 980-81. Indeed, "[a]s *Ex parte Young* put it, 'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'" *Whole Woman's Health*, 595 U.S. at 39 (quoting *Ex parte Young*, 209 U.S. at 163); *see also Munoz*, 91 F.4th at 981 (affirming dismissal of § 1983 action based on Eleventh Amendment where plaintiffs sought declaratory and injunctive relief against superior court and its presiding judge regarding setting of cash bail that plaintiffs could not afford).

Here, Plaintiff seeks declaratory and injunctive relief against Defendants in their official capacities. (ECF No. 8 ¶¶ 9-10, Prayer ¶¶ 1-4.) Under the Eleventh Amendment, "such forms of relief are barred against judges and clerks." *Gupta v. Brainard*, No. 8:25-cv-02174-KK-BFM, 2026 WL 995288, at *5-7 (C.D. Cal. Feb. 6, 2026), *adopted*, 2026 WL 992314 (C.D. Cal. Apr. 14, 2026) (dismissing claims for prospective injunctive and declaratory relief against state-court judges and clerks, including Slayton); *see also Camacho Hernandez v. County of L.A.*, No. CV 25-05263-SB (DFM), 2025 WL 4231212, at *5-6 (C.D. Cal. Oct. 30, 2025) (recognizing prospective injunctive relief against state-court judge and clerks is foreclosed by Eleventh Amendment). Plaintiff's declaratory and injunctive relief claims should therefore be dismissed based on the Eleventh Amendment.

/ / /

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

## B. PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS ALSO FAIL BECAUSE NONE OF THE DEFENDANTS IS A "PERSON" WITHIN THE MEANING OF § 1983

42 U.S.C. § 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

It is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Our Supreme Court has explained that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office[,]" and thus "it is no different from a suit against the State itself." *Id.* (citations omitted).

In contrast to state agencies and officials, municipalities and other local government units are considered "persons" under § 1983 and therefore may be sued for causing a constitutional deprivation. *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978); *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a cognizable claim against a municipality or other local government agency, the plaintiff must show that the entity's policy or custom was the moving force of the violation of constitutional rights. *Monell*, 436 U.S. at 694. "However, the Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities." *Krainski*, 616 F.3d at 968 (citing *Will*, 491 U.S. at 71) (affirming dismissal of § 1983 claims against state university and university employees).

Here, as previously noted, the FAC includes official-capacity claims against Defendants under § 1983. (ECF No. 8 ¶¶ 9-10, Prayer ¶¶ 1-4.) Given each of the Defendants is a state official, and thus not a "person" within the meaning of § 1983,

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

no official-capacity § 1983 claims lie against Defendants.

### C.    PLAINTIFF'S PERSONAL-CAPACITY CLAIMS ARE BARRED BY QUASI-JUDICIAL IMMUNITY

#### 1.    Quasi-Judicial Immunity.

Under the doctrine of absolute judicial immunity, "'[i]t is well settled that judges are generally immune from suit for money damages.'" *Lund*, 5 F.4th at 970 (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Such immunity extends to court clerks and staff, who enjoy "absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (superseded by statute that extended judicial immunity beyond holding).

The United States Court of Appeals for the Ninth Circuit has consistently held that absolute quasi-judicial immunity extends to "court clerks and other non-judicial officers for purely administrative acts – acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *In re Castillo*, 297 F.3d 940, 952 (9th Cir.), *as amended* (Sept. 6, 2002) (bankruptcy trustee's scheduling of hearing and failure to give notice of same); *see also Fort v. Washington*, 41 F.4th 1141, 1146 (9th Cir. 2022) (sentencing review board's setting of hearings); *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (tribal court clerk's issuance of "improper summons" and rejection of filing "for not conforming with a tribal court rule"); *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (clerk's deceptive communications regarding status of supersedeas bond and improper conducting of hearings to assess costs); *Mullis*, 828 F.2d at 1390 (clerk's refusal to accept amended petition for filing); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (clerk's failure to provide notice of dependency court order); *Brooks v. Atwood*, 710 F. App'x 313, 314 (9th Cir. 2018) (clerks' filing

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

activities); *Phiffer v. Oregon*, 586 F. App'x 425 (9th Cir. 2014) (clerk's scheduling of hearing); *Coulter v. Roddy*, 463 F. App'x 610, 611 (9th Cir. 2011) (refusal to accept filing due to use of outdated court form); *Essell v. Carter*, 450 F. App'x 691, 691 (9th Cir. 2011) (clerks' failure to file motions and appeals); *Sedgwick v. United States*, 265 F. App'x 567, 568 (9th Cir. 2008) (Supreme Court clerk's refusal to file petition for writ of certiorari).

### 2. Defendants' Alleged Conduct.

In this action, Plaintiff seeks damages under 42 U.S.C. § 1983 against the Defendants in their personal capacities arising from their processing and rejection of his filings in the Superior Court of California, County of Los Angeles and the Superior Court of California, County of Orange. (ECF No. 8 ¶¶ 9-10, 15-67, 84, 86, Prayer ¶¶ 1-5.) As noted above, the FAC identifies four instances in Los Angeles County and two instances in Orange County in which Plaintiff's filings were either improperly processed or rejected. (*Id.* ¶¶ 15-67.) Each of these occurrences is described below.

### a. Los Angeles County.

Starting with the events in Los Angeles County, Plaintiff alleges that Pigati-Pazano inserted incorrect language in a memorandum of garnishee form in Case No. BC709072, rather than what is required under California Code of Civil Procedure § 700.190(b). (*Id.* ¶¶ 15-25.) Plaintiff next avers that when executing the levy in the same case, an "uninformed" court clerk directed the Deputy Sheriff to deliver the papers to the wrong individual at the Superior Court of California, County of Los Angeles. (*Id.* ¶¶ 26-33.) Plaintiff contends that these two events "caused [him] to incur additional time, expense, and delay in attempting to enforce his judgment." (*Id.* ¶ 33.)

Plaintiff further asserts that the clerk erroneously rejected a writ of execution in an unidentified case because the name of the judgment debtor on the form did not match the name of the judgment debtor on the judgment, which Plaintiff contends he

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

modified to comply with California Code of Civil Procedure § 699.520(d). (*Id.* ¶¶ 34-39.) While a writ of execution was ultimately issued in the matter, Plaintiff claims the initial rejection "cost [him] significant time, multiple e-filing fees, and frustration." (*Id.* ¶¶ 42-43.)

Plaintiff also complains about the manner in which clerks in Los Angeles County allegedly accept the filing of an affidavit of identity. (*Id.* ¶¶ 45-52). Judgment creditors generally use an affidavit of identity to identify additional names by which a judgment debtor is known so that such names are included in a writ of execution or an abstract of judgment. *See* Cal. Civ. Proc. Code § 680.135. According to Plaintiff, "[i]n multiple instances, . . . clerks have required [him] to submit an affidavit of identity as a standalone filing," rather than permit the affidavit to be filed together with the writ of execution or abstract of judgment." (*Id.* ¶ 45.) Plaintiff contends that this practice is "an unauthorized, non-statutory procedural hurdle that forced [him] to pay duplicative electronic filing fees and endure additional delay before lawful enforcement could proceed." (*Id.* ¶ 50.)

### b. Orange County.

As to the events in Orange County, Plaintiff avers that he attempted to file "eight packets" in unidentified "small claims cases," each of which "consisted of a notarized acknowledgment of assignment of judgment, a memorandum claiming interest, and one or more writs of execution." (*Id.* ¶ 53.) The clerk rejected all of the packets because the address listed therein for the judgment creditor did not match the address on the judgment. (*Id.* ¶¶ 55-56.) When Plaintiff explained to the court that the packets used the judgment creditor's current address instead of "a potentially outdated address from the original judgment," Ly responded, "If the judgment creditor's address had changed, Notice of Change of Address is required." (*Id.* ¶¶ 62-63.)

The other incident in Orange County consists of the clerk's rejection of a writ of execution in another small claims case, Case No. 30-2024-01378635-SC-SC-CJC.

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

(*Id.* ¶ 64.) Plaintiff alleges that the clerk improperly rejected the writ of execution because Plaintiff had "omit[ted] a period after the word 'Corp' in the name of the judgment debtor." (*Id.* ¶ 66.)

Rather than simply cure these deficiencies relating to the judgment creditor's address and missing punctuation, Plaintiff avers that he "gave up" his judgment enforcement efforts in those nine cases. (*Id.* ¶ 67.) As a result of the rejection of his filings in Orange County, Plaintiff claims that "[t]he time and money that he spent to identify and purchase the judgments, and to fill out papers in hopes of enforcing them was wasted, and the opportunity to collect the total amount due and owing under all the judgments was taken from him." (*Id.*)

### 3. Defendants Are Absolutely Immune From Damages Liability.

All of the foregoing activities are unequivocally protected by quasi-judicial immunity. As detailed above, Defendants enjoy "absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390. "The processing of documents submitted to the Clerk for filing is an integral part of the judicial process." *Coulter v. Murrell*, No. 10cv102-IEG (NLS), 2011 WL 13208995, at *1 (S.D. Cal. Mar. 1, 2011), *aff'd sub nom.*, *Coulter*, 463 F. App'x at 611 (rejecting § 1983 claims for violation of First Amendment right to access to courts and Fourteenth Amendment right to due process against superior court executive officer who allegedly directed deputy clerks to "'improperly and illegally deny filing' of out-dated Judicial Council forms" based on quasi-judicial immunity).

Courts in this District have also appropriately reached the same conclusion. *See, e.g., Gupta*, 2026 WL 995288, at *5-7 (Slayton and other clerks' alleged processing and acceptance of filings); *Finander v. Jiminez*, No. 5:24-cv-01227-JVS-SSC, 2025 WL 4666544, at *3 (C.D. Cal. Dec. 11, 2025), *adopted*, 2026 WL 852754 (C.D. Cal. Feb. 12, 2026) (clerks' "demand[] that [p]laintiffs 'file a form that was not locatable'" and rejection of filings "'solely based on form or format'"); *Camacho*

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

*Hernandez*, 2025 WL 4231212, at \*5 (clerks' denial of filings and incorrect instructions to file particular court form); *Schultz v. Superior Ct. of L.A.*, No. 2:23-cv-10715-JAK (DTB), 2024 WL 3086581, at \*4 (C.D. Cal. Jun. 7, 2024) *adopted*, 2024 WL 4002862 (C.D. Cal. Jul. 2, 2024) (allegations that "Clerk's Office rejected, ignored, or failed to file . . . motions or documents"). Quasi-judicial immunity therefore clearly bars Plaintiff's damages claims in this action.

### D. INJUNCTIVE RELIEF IS ALSO FORECLOSED BY § 1983 ITSELF

In *Pierson v. Ray*, 386 U.S. 547 (1967), the Supreme Court confirmed that judicial immunity applies to civil rights actions brought under 42 U.S.C. § 1983. *Pierson*, 386 U.S. at 555; *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Ashelman*, 793 F.2d at 1075. In *Pulliam v. Allen*, 466 U.S. 522 (1984), the Supreme Court later held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam*, 466 U.S. at 541-42.

In response to *Pulliam*, Congress amended § 1983 to abrogate its holding. *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018). Pursuant to the Federal Courts Improvement Act ("Act"), § 1983 now states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Moore*, 899 F.3d at 1104; *see Steinmeyer v. Laboratory Corp. of Am. Holdings*, 676 F. Supp. 3d 851, 866 (S.D. Cal. 2023) (noting Act "effectively 'immunizes judicial officers against suits for injunctive relief'") (quoting *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006)). Moreover, the "use of the term 'judicial' implicates the familiar three-branch structure of government," and "[t]he judicial branch encompasses officials other than those with the title 'judge,' such as court clerks." *Moore*, 899 F.3d at 1104.

/ / /

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

Here, as detailed above, Defendants are being sued for acts that are an integral part of the judicial function, namely their alleged conduct in connection with processing and refusing Plaintiff's filings. Injunctive relief is therefore unavailable against Defendants based on § 1983 itself. *See, e.g., Anthony v. Hubbard*, No. 25-CV-1551 JLS (AHG), No. 25-CV-1551 JLS (AHG), at *2 (S.D. Cal. Jan. 26, 2026) (finding § 1983 bars injunctive relief seeking to enjoin state appellate court clerk "from refusing [p]laintiff's filings without valid reasons, engaging in hostile conduct, or interfering with [p]laintiff's appeal"); *Camacho Hernandez*, 2025 WL 4231212, at *5 (applying quasi-judicial immunity to injunctive relief claims brought under § 1983).

### E.    THE BULK OF PLAINTIFF'S EQUITABLE RELIEF CLAIMS ALSO FAIL FOR LACK OF STANDING

To establish standing under Article III of the United States Constitution, a plaintiff must show: "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "As the party invoking federal jurisdiction, the plaintiff[] bear[s] the burden of demonstrating that [he] ha[s] standing." *Id.* at 430-31.

To obtain prospective equitable relief, a plaintiff must allege facts that demonstrate that "'there is a real and immediate threat of repeated injury.'" *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). A plaintiff "must show that the threat of future injury is 'actual and imminent, not conjectural or hypothetical.'" *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1220 (9th Cir. 2023) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (recognizing "'allegations of *possible* future injury

are not sufficient'") (citation omitted). A plaintiff also cannot establish an injury in fact simply by showing that he has suffered some harm in the past; rather, he must demonstrate a "real and immediate threat of repeated injury." *O'Shea*, 414 U.S. at 496.

Here, as detailed above, Plaintiff principally complains about isolated instances in the Superior Court of California, County of Los Angeles and Superior Court of California, County of Orange in which certain filings were allegedly improperly processed or rejected. (ECF No. 8 ¶¶ 15-43, 53, 55-56, 62-64, 66-67.) Plaintiff asks the Court to declare that these purported "practices" violate his civil rights and to enjoin Defendants from continuing them. (*Id.* Prayer ¶¶ 1-3.) Whether Plaintiff will again encounter these alleged filing difficulties, however, is entirely conjectural and hypothetical.

Regarding the events in Los Angeles County, Plaintiff identifies one instance in which Pigati-Pazano purportedly inserted erroneous language in a memorandum of garnishee form, one instance where a clerk told a Deputy Sheriff to deliver a writ of execution to the wrong individual, and one instance where a writ of execution was rejected because the judgment debtor's name on the form did not match the judgment debtor's name on the judgment. (*Id.* ¶¶ 15-43.) Not only were all of these filing issues resolved, but whether any of Plaintiff's future filings will face any of these same issues is also purely speculative.

As to the events in Orange County, Plaintiff refers to one bulk filing that was rejected because the judgment creditor's address did not match the address on the judgment, and one instance where a writ of execution was rejected because the judgment debtor's name was missing a period. (*Id.* ¶¶ 53, 55-56, 62-64, 66-67.) Not only could Plaintiff have easily resolved these deficiencies, but whether he will encounter them again is also conjectural and hypothetical.

Stated differently, neither a declaration that these past events violated Plaintiff's civil rights, nor an injunction preventing them from occurring again, will

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

- 20 -

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK

redress Plaintiff's grievances stemming therefrom. *See D'Souza v. Guerrero*, No. 24-2537, 2025 WL 636706, at *2 (9th Cir. Feb. 27, 2025) (recognizing disgruntled state-court litigants lacked standing to obtain injunctive relief seeking "continuing education and training of judges" in state courts "because the relief would not redress their alleged grievances"). Plaintiff thus lacks standing to obtain the bulk of the equitable relief sought against Defendants in the FAC.

## IV.   CONCLUSION

For all of the reasons set forth above, the Court should grant Defendants' motion to dismiss the FAC with prejudice and without leave to amend.

Dated:      June 22, 2026                    BEST & KRIEGER LLP


By: /s/  Matthew L. Green
    MATTHEW L. GREEN
    Attorneys for Defendants
    DAVID W. SLAYTON, Court
    Executive Officer, Superior Court
    of California, County of Los
    Angeles; SANDRA PIGATI-
    PAZANO, Court Administrator,
    Superior Court of California,
    County of Los Angeles; DAVID H.
    YAMASAKI, Court Executive
    Officer, Superior Court of
    California, County of Orange; and
    TIMOTHY LY, Courtroom
    Operations Supervisor, Superior
    Court of California, County of
    Orange

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
5:26-cv-00400-CAS-DMK