UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-00400-CAS-DMK | Date: | July 27, 2026 |
| Title: | *Gregg Roberts v. David W. Slayton, et al.* | | |


Present:     The Honorable   **DIANA M. KWOK, U.S. MAGISTRATE JUDGE**

| K. Lozada | N/A |
|---|---|
| Deputy Clerk | Court Recorder: N/A |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**      (In Chambers) **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO FILE A SUR-REPLY AND VACATING JULY 23, 2026, MOTION TO DISMISS HEARING**


Before the Court is Plaintiff Gregg Roberts's Ex Parte Application for Leave to File Sur-Reply (ECF 16), in which he seeks to respond to the Reply submitted in support of the Motion to Dismiss filed by Defendants David W. Slayton, David H. Yamasaki, Sandra Pigati-Pazano, Timothy Ly, John Does 1-50, and Jane Does 1-50 (ECF 15). Plaintiff contends Defendants introduced new arguments and authorities, and that Plaintiff should be afforded the opportunity to respond. ECF 16 at 3. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Application.

The decision to grant or deny leave to file a sur-reply is in the discretion of the court. *San Bernardino County v. Insurance Company of the State of Pennslyvania*, No. CV 21-01978 PSG (ASx), 2023 WL 8945704, at *1 (C.D. Cal. Dec. 11, 2023). Courts should allow a sur-reply only when a valid reason for additional briefing exists, such as when the reply brief raises "new" arguments that require some additional response, or the sur-reply appears to clarify "many" of the movant's positions. *Compare Schmidt v. Shah*, 696 F. Supp. 2d 44, 59–60 (D.D.C. 2010) (allowing sur-reply for *pro se* litigant only when it appeared to "clarify his position with respect to many of his claims for relief") *with Hill v. England*, No. CV-F-05-869 REC/TAG, 2005 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (striking sur-reply when the sur-reply "merely pos[ed] the same or additional arguments in opposition to the motion to dismiss") *and Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (denying leave to file a sur-reply when there were no new arguments in the reply brief because "[t]o allow such sur-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   5:26-cv-00400-CAS-DMK                  Date:   July 27, 2026

Title:      *Gregg Roberts v. David W. Slayton, et al.*

replies as a regular practice would put the court in the position of refereeing an endless volley of briefs") (citation modified).

An argument is not "new" when it restates the same grounds and arguments as earlier briefings. *Hill*, 2005 WL 3031136, at *1 (finding a reply brief did not raise new arguments when it "merely reiterate[d] the grounds for dismissal in [the] opening brief"). Additionally, an argument is not "new" when it is made in response to an issue raised in an earlier briefing. *Baloch v. Norton*, 517 F. Supp. 2d 345 (D.D.C. 2007) (denying plaintiff leave to fly a sur-reply when defendant's allegedly new argument in the reply was made in response to an issue that plaintiff had raised in the opposition).

Here, the Court concludes that Plaintiff's proposed Sur-Reply repeats arguments made in his Opposition and is otherwise unnecessary for the Court's consideration of the issues raised in the briefing. Further, the Court finds Defendants' arguments on reply directly rebut arguments in the Opposition, and do not raise "new matter" to which a sur-reply is warranted. The Court therefore denies Plaintiff's Ex Parte Application and will not consider the proposed Sur-Reply.

**IT IS SO ORDERED.**

Initials of Preparer                          kl